UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| UNITED STATES OF AMERICA, Ex.rel. Latanya Briggs Freeman : : : Plaintiff, : : v. : : MR HOMECARE OF CLEVELAND, OH INC., *et. al.*, : : Defendants. | CASE NO. 1:20-cv-01265 OPINION & ORDER [Resolving Docs. 24, 25,& 28] |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendants Bella Rokhman, MR Homecare, Inc., Shalom Adult Health Care, LLC, d/b/a Our Home Adult Health Center and Samantha Belfer, move for the Court to stay the proceedings in this civil action brought by Relator Latanya Briggs Freeman. Defendants contend that a pending federal criminal investigation limits their ability to defend themselves in this case. For the following reasons, Defendants' motion is DENIED.

Defendant Rokhman is ORDERED to answer the complaint by September 24, 2021.

I.   **Background**

Relator initiated this civil action on June 9, 2020, which the Court ordered unsealed on May 12, 2021.[1] In the complaint, Relator alleges that Defendants committed various types of health care fraud.[2] Since then, Defendants have developed reason to believe that they are the subject of a federal criminal investigation for fraud.[3]

---

[1] Doc. 12.
[2] Doc. 1.
[3] Doc. 24.

Case No.
GWIN, J.

## II. Analysis

As the Sixth Circuit has established: "It is clear that 'nothing in the Constitution requires a civil action to be stayed in the face of a pending or impending criminal indictment,'" and that "'there is no requirement that a civil proceeding be stayed pending the outcome of criminal proceedings[.]'"[4] In particular, there are six factors that the Sixth Circuit considers in assessing whether a stay is warranted.[5] They are:

> 1) [T]he extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.[6]

Additionally, courts consider "'the extent to which the defendant's fifth amendment rights are implicated,'" and whether the stay will "'further the interest in economical use of judicial time and resources.'"[7]

Of the numbered factors from the Sixth Circuit, only the fourth weighs in favor of the Defendants. The others either support neither party or favor the denial of the stay.

If a criminal case has not yet been filed, then the first favor does not weigh in the Defendants' favor.[8] This is the case here since no criminal case has been filed to date. For similar reasons, the second factor also does not favor Defendants in this case as "courts generally do not stay proceedings in the absence of an indictment."[9]

---

[4] *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (citations omitted).
[5] *Id.*
[6] *Id.*
[7] *Id.* at 627–28.
[8] *Id.* at 628.
[9] *Id.*

Case No.
GWIN, J.

The third factor weighs in favor of denying the motion. The Relator in this case has an even stronger "personal interest" in moving forward with the civil case than the government plaintiff did in *F.T.C. v. E.M.A. Nationwide*.[10]

The fourth factor weighs in favor of Defendants. Although the exact parameters of the government's investigation are unknown, that investigation may overlap with the civil action.

The fifth and sixth factors do not weigh strongly in either direction. The indictment has not yet issued and there is no evidence indicating when that might occur. The Court also believes that allowing for both actions to proceed simultaneously allows for the most efficient outcome.

Considering the factors together, the Court finds that the stay is unwarranted.

### III. Conclusion

For the foregoing reasons, the Defendants' motion to stay these proceedings is DENIED. Defendant Rokhman is ORDERED to answer the complaint by September 24, 2021.

IT IS SO ORDERED.

Dated: September 16, 2021      *s/ James S. Gwin*
                               JAMES S. GWIN
                               UNITED STATES DISTRICT JUDGE

---

[10] *Id.*