UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:20-cv-01265 |
| EX. REL. LATANYA BRIGGS | : | |
| FREEMAN, | : | OPINION & ORDER |
| | : | [Resolving Doc. 59] |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MR HOMECARE OF | : | |
| CLEVELAND, OH, INC., ET AL., | : | |
| | : | |
| Defendants. | | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this health care fraud case, the Court **GRANTS** in part and **DENIES** in part Plaintiff's motion to compel discovery. While the Court will require Defendants[1] to comply immediately with Plaintiff's production requests, the Court declines to impose sanctions on Defendants at this time.

## I. Background

The parties agreed that Defendants would respond to Plaintiff's requests for production by January 26, 2022.[2] But on that date, Defendants did not produce any documents.[3] Defendants then did not respond to Plaintiff for three days.[4] Defendants later only partially complied with the production requests.[5]

After Plaintiff filed this motion, Defendants produced some 140,000 pages of

---

[1] In this Order, the term "Defendants" refers to: MR Homecare of Cleveland, Shalom Adult Health Care Center, LLC, Samantha Belfer, and Polina Grove. It does not include Defendant Bella Rokhman.
[2] Doc. 59 at 3.
[3] *Id.*
[4] *Id.*
[5] *Id.* at 3–4.

Case No. 1:20-cv-01265
GWIN, J.

records.[6] But Plaintiff says that Defendants still have not provided the following categories of documents: certain financial records, phone records, and travel records.[7] Defendants also have not provided any written responses to Plaintiff's discovery requests.[8]

## II. Discussion

Under Rule 26, parties may obtain discovery that is relevant to a claim or defense and is proportional to the needs of the case.[9] A party may request an opposing party produce documents within the scope of Rule 26.[10]

If the opposing party fails to comply, the party seeking discovery may move for an order compelling production.[11] An evasive or incomplete disclosure is considered a failure to comply.[12] If a party—after being properly served with a production request—fails to respond, the court may award sanctions, including reasonable expenses, unless the award would be unjust.[13]

Given Plaintiff's fraud-related allegations, the records sought plainly fall within the scope of Rule 26 materials. While the Court recognizes that Plaintiff's requests are voluminous, Defendants have not provided any justification for their delays and failure to provide the full scope of the requested materials, including the written discovery responses.

## III. Conclusion

The Court ORDERS that, by March 25, 2022, Defendants provide (1) the outstanding

---

[6] Doc. 61 at 1; Doc. 60 at 1.
[7] *Id.* at 2–3. Defendants' letters do not fulfill Defendants' discovery obligations.
[8] *Id.* at 1. The Court notes that while Defendants' failure to timely respond to the instant production requests may have waived potential objections, the Court does not decide that issue here. *Cf. Caldwell v. 9173-7999 Quebec, Inc.,* No. 18-cv-12752, 2019 WL 6907349, at *1 (E.D. Mich. Dec. 19, 2019).
[9] Fed. R. Civ. P. 26(b)(1).
[10] Fed. R. Civ. P. 34(a).
[11] Fed. R. Civ. P. 37(a)(3)(B). Local Rule 37.1 further requires that the party seeking discovery must make a sincere, good faith effort to resolve the dispute before seeking recourse through the Court. Local Rule 37.1(a)(1). Plaintiff made this effort. Doc. 59 at 3.
[12] Fed. R. Civ. P. 37(a)(4).
[13] Fed. R. Civ. P. 37(a)(5)(A).

Case No. 1:20-cv-01265
GWIN, J.

categories of financial, phone, and travel records and (2) the written discovery responses.

Lastly, while the Court does not find that the present circumstances justify a sanctions award, the Court cautions Defendants that it will not tolerate any further delays or unprofessional conduct.

IT IS SO ORDERED.

Dated: March 11, 2022              *s/    James S. Gwin*
                                                            JAMES S. GWIN
                                                            UNITED STATES DISTRICT JUDGE